# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP RAMEY,<br>*Plaintiff*,<br><br>v.<br><br>GEOFFREY MORGAN,<br>*Defendant*. | No. 3:17-cv-01086 (JAM) |

## ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

Public employees have the right to free speech under the First Amendment. If a public employee speaks out in his capacity as a private citizen on a matter of public concern, his government employer may not retaliate against him on grounds of his exercise of the right to free speech. *See, e.g., Lane v. Franks*, 134 S. Ct. 2369, 2378 (2014).

The question before me is whether an employee who alleges that he was subject to free-speech retaliation must allege in his complaint the substance of what he said that allegedly provoked a retaliatory response. The complaint in this case does not do that. I conclude that a complaint for free-speech retaliation should allege the general content or substance of the speech that was allegedly subject to retaliation. Accordingly, I will grant defendant's motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### BACKGROUND

Plaintiff and defendant are both employed as officers of the police department in Branford, Connecticut. In essence, the complaint alleges that defendant falsely accused plaintiff of police misconduct in retaliation for plaintiff's having previously spoken out about defendant's effort to scuttle a third person's job application with the neighboring town of East Haven, Connecticut.

1

In particular, plaintiff alleges that in late 2016 someone named Joseph Peterson filed a complaint with the internal affairs division of the Branford police department claiming that "the defendant had attempted to interfere with the proper and independent function of the government of the Town of East Haven by making false allegations designed to prevent Mr. Peterson from obtaining employment" with East Haven. This complaint by Peterson was based "in part" on "a statement which the plaintiff had made to him, in which the plaintiff revealed that the defendant had admitted to engaging in such activity." Doc. #1 at 2 (¶ 6). Plaintiff in turn was interviewed by Branford officers investigating Peterson's complaint, and he "truthfully answered their questions and disclosed his knowledge concerning the activities and statement of the defendant designed to interfere with the government of the Town of East Haven." Doc. #1 at 2 (¶ 7). According to plaintiff, these "aforesaid statements were protected by the First Amendment to the United States Constitution," because "they were not made in the course of any of the plaintiff's duties as a police officer and the subject of said statements was a matter of legitimate public concern." Doc. #1 at 2 (¶ 8).

The investigation did not substantiate the claim of misconduct against defendant. Nevertheless, according to plaintiff, defendant decided to retaliate against plaintiff in April 2017 by falsely and maliciously accusing plaintiff of misconduct involving excessive force against a prisoner. Defendant's retaliation against plaintiff led to an investigation that eventually exonerated plaintiff of defendant's false charges.

Plaintiff alleges that defendant's false charges against him were in retaliation for plaintiff's exercise of his First Amendment rights. Defendant in turn has moved pursuant to Fed. R. Civ. P. 12(e) for a more definite statement on the ground that the complaint does not give fair notice of the protected speech engaged in by plaintiff that was subject to retaliation.

## DISCUSSION

Rule 12(e) of the Federal Rules of Civil Procedure provides in part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allows but which is so vague or ambiguous that the party cannot reasonably prepare a response." Although such motions are generally not favored and should not be granted as a substitute for discovery, the granting of a motion for more definite statement is within the discretion of the Court. *See, e.g., Clayton v. City of Middletown*, 237 F.R.D. 538, 539 (D. Conn. 2006). Moreover, as a leading treatise notes, "[i]f the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." 5C Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1376 (3d ed. 2004).

I agree with defendant that the complaint does not give fair notice of the protected speech that was subject to retaliation. As to the first statement or statements made by defendant, the complaint alleges only that plaintiff "revealed" to Joseph Peterson that defendant had "admitted" that he had made "false allegations designed to prevent Mr. Peterson from obtaining employment with the Town of East Haven." Doc. #1 at 2 (¶ 6). As to the second statement or statements made by defendant, the complaint alleges only that plaintiff made truthful statements to investigating officers about "the activities and statements of the defendant designed to interfere with the government of the Town of East Haven." Doc. #1 at 2 (¶ 7).

Conspicuously absent is any description of the general content or substance of plaintiff's allegedly protected speech. I cannot fathom why plaintiff would be unable to describe at least in general terms what he himself allegedly said. Without an allegation that describes the general content or substance of the statements purportedly made by plaintiff, defendant is unable to raise

any defense that the content or substance of these statements do not warrant protection from retaliation under the First Amendment (*i.e.*, that they were not made as a citizen and on a matter of public concern). Indeed, the complaint seems framed to forestall this type of challenge at the pleadings stage, notwithstanding that such a challenge is plainly permissible even at the pleading stage. *See, e.g., Jeune v. Crew*, 2017 WL 4357382, at *10 (E.D.N.Y. 2017) (dismissing First Amendment retaliation claim involving "allegations [that] are too conclusory to allege protected speech") (citing similar cases). Although plaintiff need not quote or recite verbatim the statements that he made, it is not too much to ask that plaintiff describe the general substance of his statements that he believes were protected speech so that defendant may prepare a response to the complaint.

## CONCLUSION

The motion for more definite statement (Doc. #13) is GRANTED. Plaintiff shall file an amended complaint by November 21, 2017, that describes the general content or substance of the statements that plaintiff believes were protected speech and the basis for retaliation by defendant.

It is so ordered.

Dated at New Haven this 7th day of November 2017.

                                            /s/ *Jeffrey Alker Meyer*
                                            Jeffrey Alker Meyer
                                            United States District Judge